IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 20-57 |
| | ) | |
| DONTE CALHOUN | ) | |

## MEMORANDUM OPINION and ORDER

Defendant Donte Calhoun has filed a Motion to Dismiss Indictment with Prejudice for Violation of Speedy Trial Act of 1974 and Sixth Amendment of U.S. Constitution (ECF No. 29), to which the government has filed a Response (ECF No. 32). For the following reasons, the Motion will be denied.

On February 25, 2020, a Grand Jury returned an Indictment charging Donte Calhoun with Possession with Intent to Distribute and Distribution of a Quantity of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and Conspiracy of Distribute and Possess with the Intent to Distribute a Quantity of Cocaine in violation of 21 U.S.C. § 846. ECF No. 3. On that same date, the Court granted the government's motion for an arrest warrant as well as the government's motion to seal both the arrest warrant and the Indictment. Mr. Calhoun was arrested on the charges in the Indictment on January 14, 2021, approximately eleven months after the Grand Jury returned the Indictment. Mr. Calhoun argues that the delay between the issuance of the arrest warrant and the execution of the arrest warrant is presumptively prejudicial and, in his case, is a violation of his Sixth Amendment "right to a speedy and public trial," and his rights under the Speedy Trial Act. 18 U.S.C. §§ 3161-3174

When considering a defendant's speedy trial rights, the United States Supreme Court has directed courts to weigh "the conduct of both the prosecution and the defendant," a balancing test that "necessarily compels courts to approach speedy trial cases on an ad hoc basis." Barker v. Wingo, 407 U.S. 514, 530 (1972). To assist courts in evaluating such cases the Supreme Court has identified four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530. The four factors are neither "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Id. at 533. With respect to the length of delay

> Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

Id. at 530–31.

The delay between the filing of the Indictment and the arrest of Mr. Calhoun is eleven months. "Depending on the nature of the charges, the lower courts have generally found post[-]accusation delay 'presumptively prejudicial' at least as it approaches one year." Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992) (citing 2 W. LaFave & J. Israel, Criminal Procedure § 18.2, p. 405 (1984)). As noted by the District Court of Minnesota,[1] since Doggett was issued in 1992, the reference to Lafave & Israel has been updated, with the suggestion that most courts have "settled on a somewhat longer period [than eight months], such as nine months or, more commonly, a time 'approaching,' at, or slightly (or even more than slightly) beyond one year." 5

---

[1] Strobel v. Titus, No. CV 19-583 (NEB/BRT), 2019 WL 8015210, at *3 n. 5 (D. Minn. Dec. 20, 2019), report and recommendation adopted, No. 19-CV-583 (NEB/BRT), 2020 WL 869981 (D. Minn. Feb. 21, 2020).

W. LaFave & J. Israel, Criminal Procedure § 18.2(b), p. 130.  The United States Court of
Appeals has "concluded that a delay of fourteen months is 'sufficient to trigger review of the
remaining <u>Barker</u> factors.'"  <u>United States v. Velazquez</u>, 749 F.3d 161, 174 (3d Cir. 2014)
(quoting <u>United States v. Battis</u>, 589 F.3d 673, 678 (3d Cir.2009)).  The eleven-month delay in
this case is certainly not "excessive," but in light of the fact that the delay approaches one-year,
the Court will evaluate the length of delay together with the remaining factors.

In favor of Mr. Calhoun, he has timely asserted his speedy trial rights.  As to the reason
for the delay, the government cites the following: the extraordinary circumstances arising from
the Covid-19 pandemic, law enforcement's diligent and professional pursuit of locating Mr.
Calhoun to apprehend him, and the fact that some of the delay occurred so as to not jeopardize
another law enforcement's investigation of Mr. Calhoun.  In conjunction with Mr. Calhoun's
continuing to engage in criminal activity during the delay period, law enforcement believed, and
later confirmed, that Mr. Calhoun did not stay in one location, but rather resided at several
different locations, furthering contributing to the delay.  When the case agent eventually
encountered Mr. Calhoun in a social setting in November 2020, the circumstances were not
conducive to an immediate arrest.  Following that encounter, the case agent remained unable to
locate Mr. Calhoun until the case agent received information of where Mr. Calhoun was residing,
which was then verified by a trash pull.  Mr. Calhoun was then arrested at said residence on
January 14, 2021.  The Court takes note that from approximately mid-March 2020, the global
pandemic and associated lockdown, made normal everyday activities, including those of law
enforcement, difficult and time consuming.  The Court finds that the reasons for the delay are
strong.  The Court finds this factor to weigh heavily in favor of finding no violation of speedy
trial rights.

As to prejudice, Mr. Calhoun argues that the eleven-month delay prejudices his ability to prepare a defense to the charges, in part, by making it more difficult to locate favorable witnesses. The delay also prejudices his defense, he argues, due to the likelihood that witnesses memories will have faded. Such prejudice, however, is generic in the sense that it applies to most defendants who, for whatever reason, experience a delay between the alleged criminal conduct and trial. Mr. Calhoun cites no specific prejudice he would suffer, as case law indicates he must in a case, like this one, that is not excessively delayed. In Doggett, the "durational requirement for relief without [a showing of] specific prejudice was met where the delay attributable to the government's negligence was six years, an amount that 'far exceeds the [one-year] threshold needed to state a speedy trial claim.'" Velazquez, 749 F.3d at 185 (quoting Doggett, 505 U.S. at 658). Here, as indicated by the above discussion, the government was not negligent in locating and apprehending Mr. Calhoun under the circumstances of this case, and significantly, the delay in this case was not years, it was eleven-months. Mr. Calhoun faces the typical defense hurdles as do other defendants. Finally, Mr. Calhoun's liberty was never impaired during the eleven-month delay, and because he was unaware of the charges against him, he did not suffer the anxiety and concern that would arise from knowing the government had indicted, but had not yet arrested him. Barker, 407 U.S. at 532 (in addition to potential impairment of defense, the Supreme Court also noted that the prejudice factor includes consideration of "oppressive pretrial incarceration" and the minimization of "anxiety and concern of the accused"). Having failed to identify specific prejudice, the Court concludes that this factor weighs slightly in favor of Mr. Calhoun.

Based on the Court's evaluation of the relevant factors under the circumstances of this case, the Court concludes that the eleven-month delay between indictment and arrest did not violate Mr. Calhoun's Speedy Trial Rights.  Accordingly, Mr. Calhoun's Motion to Dismiss Indictment with Prejudice for Violation of Speedy Trial Act of 1974 and Sixth Amendment of U.S. Constitution (ECF No. 29), is denied.

IT IS SO ORDERED:

Date:  June 10, 2021

Marilyn J. Horan
United States District Judge